THE R. & L. COMPANY, Respondent, *v.* HERMAN A. METZ, Appellant.

*R. & L. Company* v. *Metz*, 165 App. Div. 533, affirmed.
(Argued May 25, 1915; decided June 8, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1914, which affirmed an interlocutory judgment of Special Term sustaining demurrers to separate defenses set up in the amended answer. The complaint alleged that the plaintiff, at various times prior to August 31, 1913, sold and delivered to the New York Mail Company, engaged in carrying the United States mails in New York city, motor trucks and accessories of the aggregate value of $66,666.37. The defendant was obligated as indemnitor to the American Surety Company for any loss incurred as surety to the United States for the faithful performance by the New York Mail Company of its contract for carrying the mails. On July 10, 1913, an arrangement was made between plaintiff and defendant whereby the motor trucks were to be reclaimed by plaintiff from the New York Mail Company because of the breach of its contract

of purchase by the New York Mail Company, and the R. & L. Company was to sell the trucks to a new corporation to be formed, known as the Interstate Express Company, and the purchase price was to be paid by the defendant in the event that the Interstate Express Company failed to pay. It is upon the form of this promise that the present controversy turns. It is claimed by the defendant that the promise as alleged in the complaint is collateral in form and that the defendant is liable only in case of the default of the Interstate Express Company, while it is claimed by the plaintiff that the promise of the defendant is original and primary and that he is obligated without any regard to a default by the Interstate Express Company.

The following questions were certified:

" 1. Is the new matter contained in the amended answer as a first and separate defense to the first cause of action contained in the complaint sufficient in law upon the face thereof ?

" 2. Is the new matter contained in said amended answer as a second and separate defense to said first cause of action sufficient in law upon the face thereof ?

" 3. Is the new matter. contained in said amended answer as a first and separate defense to the second cause of action contained in the complaint sufficient in law upon the face thereof ?

" 4. Is the new matter contained in said amended answer as a second and separate defense to said second cause of action sufficient in law upon the face thereof ? "

*Isaac H. Levy, Almuth C. Vandiver* and *J. Joseph Lilly* for appellant.

*Henry A. Rubino* for respondent.

Order affirmed, with costs, and questions certified answered in the negative; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ. Not sitting: CARDOZO, J.