BERT E. GIBBS, Plaintiff, v. OMER HOLDEN, Defendant.

Supreme Court, Tompkins County, July 9, 1930.

*J. J. McGuire*, for the plaintiff.

*B. F. Sovocool*, for the defendant.

PERSONIUS, J. This motion was made under rule 106 of the Rules of Civil Practice, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and rule 107, on the ground that it appeared that the contract was not in writing and, therefore, unenforcible under the Statute of Frauds.

The complaint does not state that the contract alleged was oral, and no affidavit was presented, but it was conceded at the argument that the contract was not in writing. This concession is reiterated in both briefs.

The same motion was previously made but allowed to lapse. Apparently neither motion was made within twenty days as required by the rules, but this requirement is waived by the plaintiff.

The complaint alleges that the defendant's son, while driving

the son's automobile, and being intoxicated, negligently damaged the plaintiff and his property; that the son was arrested and arraigned, whereupon the defendant requested the plaintiff not to prosecute the son civilly or institute criminal proceedings against him, and promised that if the plaintiff would not do so, he, the defendant, would pay the plaintiff all his damages; that the plaintiff, relying upon this promise, refrained from so prosecuting the defendant's son; that the plaintiff had suffered personal and property damage, which the defendant failed to pay within a reasonable time, upon demand. The complaint demands judgment for breach of contract, that is, for the failure of the defendant to pay as agreed.

The complaint alleges that the defendant's son was charged with being " drunk and disorderly." It does not allege what disposition was made of this charge, but it appears by an affidavit of the magistrate submitted, that he plead guilty to a violation of the Highway Law and was fined ten dollars.

The defendant first based his motion not only upon the ground that the defendant's agreement to pay the plaintiff's damage was unenforcible under the Statute of Frauds, but upon the further ground (1) that the consideration was illegal and (2) that there was, therefore, an absence of any consideration therefor.

In his brief, the defendant expressly abandoned the question of the illegality of the consideration and does not argue that the forbearance of the plaintiff to prosecute civilly is not sufficient consideration for the defendant's promise to pay if the promise had been in writing. I take it that the defendant now relies entirely upon the proposition that there was no consideration sufficient to sustain the defendant's *oral* promise, that is, no consideration running to or of benefit to the defendant.

An oral promise to answer for the tort of another is within the statute. (27 C. J. 130.)

Whether an oral promise to pay the debt of another is enforcible under the Statute of Frauds seems to depend upon whether such promise is an *original* or a *collateral* promise. The distinction between such promises (originally somewhat confused) gradually clarified and in the case of *White* v. *Rintoul* (108 N. Y. 222) the Court of Appeals in an opinion by FINCH, J., analyzed the previous authorities, pointing out that the early test of an original promise was whether it was founded upon a new consideration, either of *benefit* to the promisor or *harm* to the promisee, but that later such test had been modified and narrowed by requiring " a new consideration " necessary to establish an original promise "moving to the promisor and beneficial to him." This modification of the test eliminated all promises where the consideration was only harm to

the promisee, the resulting benefit being only to the debtor and not the new promisor.

The test of an original promise was still further limited, as pointed out in the *White* case. To be " original," the promise must not only be based on a new consideration moving to and beneficial to the promisor, but the promisor must also be primarily liable and not merely liable in case the original debtor default — in other words, is the promisor a debtor or merely a surety?

Judge FINCH, in the *White* case, summarized the earlier cases as follows (108 N. Y. 222, 227): " These four cases, advancing by three distinct stages in a common direction, have ended in establishing a doctrine in the courts of this state which may be stated with approximate accuracy thus, that where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a. new consideration moving to the promisor and beneficial to him, *and* such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor."

*Ackley* v. *Parmenter* (98 N. Y. 425), one of the cases considered in the *White* case, uses this language (p. 433): " In such a case it is not sufficient to show there was a consideration for the promise. There must be a consideration in every case, even if the promise is in writing. But a consideration is not of itself sufficient to supply the place of a writing where one is necessary. To take the case out of the statute, there must be a consideration moving to the promisor, either from the creditor or the debtor. It must be beneficial to the promisor. That is the feature which imparts to the promise the character of an original undertaking (*Mallory* v. *Gillett*, 21 N. Y. 412). Forbearance or indulgence to the debtor, or the surrender to him by the creditor of a security for the debt, even at the request of the promisor, will not support a verbal promise by a third party to pay the debt."

This doctrine has been consistently followed. (*Richardson Press* v. *Albright*, 224 N. Y. 497; *Atlantic Macaroni Co., Inc.*, v. *Schiaffino*, 252 id. 547.)

In the *Richardson* case the Court of Appeals, by Judge POUND, conceded that the promise was a benefit to the promisor, thus supplying the element of a new consideration moving to him, and said (p. 501): " But a promise may still be collateral, even though the new consideration moves to the promisor and is beneficial to him. The elements of beneficial interest and new consideration must be present to take the case out of the statute, but the inquiry remains whether the consideration is such that the promisor thereby comes under an independent duty of payment, irrespective of the

liability of the principal debtor." Again (p. 502): " When the primary debt continues to exist, the promise of another to pay the debt may be original or it may not be, but it is regarded as original only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable." (See, also, 27 C. J. 145, 147.)

We, therefore, have two inquiries: (1) Was the defendant's promise (to pay to the plaintiff the damages which the plaintiff already had the right to recover from the defendant's son) based upon a consideration moving to the defendant and beneficial to the defendant, and (2) if so, did the defendant assume to pay irrespective of the liability of his son?

If either of these inquiries be answered in the negative, then the plaintiff has and alleges no contract which is enforcible under the Statute of Frauds.

What beneficial consideration moved to the defendant? He received no money or other property. He was in no way liable for plaintiff's claim against the defendant's son. Any forbearance on plaintiff's part was solely for the benefit of the defendant's son. In this respect, the case seems identical with *White* v. *Rintoul (supra)* and the other cases hereinbefore cited. In the *White* case, defendant requested plaintiff to forbear any effort to collect certain notes from the defendant's son. The plaintiff did forbear. While forbearance may be good consideration for a contract in general, it was held in the *White* case, and the other cases, to be insufficient to take an oral promise out of the Statute of Frauds. Such consideration is insufficient because it consists only in harm to the promisee, while a consideration moving to and beneficial to the promisor is required to make an oral promise enforcible under the Statute of Frauds.

It might be urged that because of the defendant's relationship, his love and affection for his son, or his desire to save his son from the possible humiliation of criminal prosecution, it was of some benefit to the defendant to have the plaintiff refrain from bringing such criminal prosecution and/or civil action. But this does not seem to constitute the " beneficial consideration to " the promisor required by the authorities. In *White* v. *Rintoul (supra)*, after referring to the necessity of consideration " moving to the promisor " and " beneficial to him," the court said (p. 226): " That this expression was understood to mean, not merely some moral or sentimental object, but to relate to a legal interest or purpose tangible by the law and a product of the consideration received from creditor or debtor is apparent from the further current of the explanation."

At page 229 it is pointed out that the purpose of the promise might be " one of morals or sentiment, of gratitude or pride, and that to subserve such purpose might be the sole object of the promise; * * *," but such a purpose (or consideration) was not accepted as sufficient to take a promise out of the Statute of Frauds.

At page 230 the court said: " The motive disclosed was regard for his son and desire that his business credit should not be damaged by a failure."

This was held to be an insufficient consideration, the court saying (p. 231): " The case is one in which a faithful observance of the statute of frauds requires us to say that the promise sued on is void for want of a writing." (See, also, *Wright* v. *Threatt*, L. R. A. 1918, [C.] p. 541, and cases cited in note, p. 543.)

Moreover, no moral consideration is alleged in the complaint.

In *American Wire & Steel Co.* v. *Schultz* (43 Misc. 637) the Appellate Term held, in 1904, that the verbal promise of a mother to pay to her son's employer moneys which her son had embezzled from the employer was enforcible because the mother requested that her son be released from the claim and " an actual release and extinguishment thereof " was given, and it was intimated that the consideration, though of a " sentimental character " might be sufficient. In the case at bar there is no allegation or claim that the defendant requested, or that his son was given, any release or discharge from his obligation to pay the plaintiff's damages. The complaint alleges that the defendant requested the plaintiff not to prosecute the former's son, civilly or criminally, and that the plaintiff " did refrain from prosecuting " said son; it does not allege any request for or cancellation of the son's liability. I cannot consider this case controlling in view of the pronouncement of the Court of Appeals that a consideration moving to the promisor and beneficial to him is necessary to remove an oral promise from the effect of the Statute of Frauds.

The plaintiff cites cases of two classes: (1) Where the owner of real property has agreed to pay for materials furnished to a contractor who is improving the property, or to pay a subcontractor engaged on the improvement, and (2) where a debtor has transferred all or part of his property to a creditor on the latter's promise to pay one or more other creditors.

Illustrative of the first class is the case of *Raabe* v. *Squier* (148 N. Y. 81), where it is pointed out that the promisor was the owner of the building in process of construction, and: " The woodwork furnished by the plaintiff was for his benefit. * * * The promise thus made was original and founded upon a new consideration, that of the goods. It was beneficial, as we have seen, to

the promisors, thus bringing the case within the rule stated by FINCH, J., in *White* v. *Rintoul*."

Illustrative of the second class is the case of *Clark* v. *Howard* (150 N. Y. 232), where a common debtor assigned to one creditor all of his property, the assignee agreeing to pay the other credit- itor. The creditor sued the assignee. The court held that not- withstanding the plaintiff's debt still subsisted against the debtor, nevertheless, the defendant's promise was an original one because it was " founded upon a new and original consideration of benefit to the defendants, and moving to them from the debtor." The court concluded (p. 242): " Our conclusion is that the promise should be interpreted as an absolute one on the part of the defend- ants to pay the plaintiff's debt; that it is supported by a sufficient consideration moving from the debtor to them, namely, the transfer of his property for that purpose, and that the legal conclusion of the referee was correct."

Both of these classes of cases, therefore, merely illustrate the necessity of a beneficial consideration moving to the promisor.

We conclude that the plaintiff's complaint must be dismissed because the contract alleged was oral and is not alleged to have been upon any consideration moving to the defendant or beneficial to him. For this reason, it becomes unnecessary to consider whether the defendant's promise was original or collateral. Con- ceding that the defendant intended to become the principal debtor, primarily liable, and irrespective of any continuing obligation against his son, the consideration was not beneficial to defendant and, therefore, not sufficient to make the contract enforcible under the Statute of Frauds.

The plaintiff's complaint should be dismissed. Prepare order accordingly.