WILLIAM TERMINELLO, Plaintiff, *v.* YETTA BLEECKER, Defendant.

City Court of New York, Bronx County, June 3, 1935.

*Benedict Ginsberg,* for the plaintiff.

*Cullen & Dykman* [*Dimitri G. S. Eristoff* of counsel], for the defendant.

Schackno, J. Motion made under rules 106 and 107 of the Rules of Civil Practice to dismiss complaint on the ground that the complaint sets forth an agreement void under subdivisions 1 and 2 of section 31 of the Personal Property Law, commonly known as the Statute of Frauds.

The complaint alleges that prior to July 1, 1933, one Theodore Arnold, defendant's brother, was indebted to plaintiff, which indebtedness was evidenced by his promissory note, payable on July 1, 1933; that on said last named day Arnold informed plaintiff of his inability to pay said note, whereupon plaintiff demanded that he, Arnold, obtain a loan upon a policy of insurance then in force on his life; Arnold expressed his willingness to obtain such loan, but could not do so without the consent of the defendant, whereupon plaintiff threatened to institute suit against Arnold; that defendant was informed by both plaintiff and Arnold of the above facts and entered into an agreement with plaintiff that if the plaintiff would forbear from suit against Arnold to recover the amount of the note, and " if the plaintiff would renew the note for a period of one year, and if plaintiff would not urge the said Theodore Arnold to make any loan upon his policy of insurance," the defendant would " in the event that the said Theodore Arnold snould die before the due date of the maturity of the renewal note, pay the amount of the note to the plaintiff out of the proceeds of the aforementioned insurance policy upon the receipt by her of the said proceeds." The complaint further alleges performance of the conditions by the plaintiff, the death of Arnold before the note matured, the payment of the proceeds of the policy to defendant and her alleged failure to perform the agreement. The alleged agreement is not in writing. Section 31, subdivision 1, of the Personal Property Law, as amended by chapter 616 of the Laws of 1933, voids agreements " performance of which is not to be completed before the end of a lifetime; " it reads as follows:

" § 31. Agreements required to be in writing. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" 1. By its terms is not to be performed within one year from the making thereof *or the performance of which is not to be completed before the end of a lifetime.*" (Italics indicate amendment of 1933.)

Subdivision 2 of said section reads as follows:

" 2. It is a special promise to answer for the debt, default or miscarriage of another person."

Counsel call attention to the fact that the question before the court has not been passed upon by any appellate court.

The defendant was to pay the debt only in the event that Arnold should die before the due date of the renewal note; if Arnold survived such date, the defendant was under no obligation to pay. The language of the amendment to subdivision 1 refers to an oral contract the performance of which is not to be *completed* before the end of *a* lifetime, not the end of a *particular* lifetime but of *any* lifetime; if performance of the contract is not to be completed before the end of *a* lifetime, the oral promise is void. In the instant case the alleged promise did not become operative until Arnold's death; performance thereof could not be completed during Arnold's lifetime but only after his death; in the words of the statute, the performance of the contract by the defendant was not to be completed before the end of a (Theodore Arnold's) lifetime.

Plaintiff earnestly contends that the amendment of the statute must be limited to that class of cases based on a promise to support during the lifetime of a person; I am unable to agree with him; in such class of cases, performance is *completed* at the *end* of a lifetime; at the death of the promisee no further obligation remains on the part of the promisor. The distinction is self-evident; moreover, the language of the statute is not ambiguous; it must be given its ordinary meaning. (*Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Matter of Sherrill* v. *O'Brien*, 188 id. 185; *Anglo-American Provision Co.* v. *Davis Provision Co.*, 169 id. 506.) Where its meaning is definite and precise, the court itself cannot go elsewhere in search of conjecture to restrict or extend it. (*Tompkins* v. *Hunter*, 149 N. Y. 117; *Johnson* v. *Hudson River Railroad Co.*, 49 id. 455; *People ex rel. Smith* v. *Gilon*, 66 App. Div. 25.) In *Tompkins* v. *Hunter* (*supra*, at p. 122) the court said: " In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning " (Citing authorities); and in *Johnson* v. *Hudson River Railroad Co.* (*supra*, at p. 462) the court said: " Where the language is definite and has a precise meaning, it must be presumed to declare the intent of the legislature, and it is not allowable to go elsewhere in search of conjecture to restrict or extend its meaning. *McCluskey* v. *Cromwell* (1 Kern. 593), and cases cited. The provision here is clear and precise, and courts cannot go beyond or outside of it under pretext of interpretation to cure any supposed blunder of the legislature."

I hold that the alleged promise comes directly within the prohibition of the statute; a contrary holding would do violence to the plain wording of the statute and amount to judicial legislation and disregard entirely the inhibition.

Even if I am in error as to this, the contract is void under subdivision 2 of section 31 of the Personal Property Law.

The promise refers to the payment of an antecedent debt contracted by Arnold. That debt was not extinguished by the alleged promise of the defendant, but survived and was evidenced by a renewal note made and delivered by Arnold at the time of the alleged promise. Defendant did not sign or indorse the same; she was under no obligation to pay the note that matured on July 1, 1933, nor the renewal note. All she assumed to do was to pay the amount thereof, but only in the event that Arnold died within a year irrespective of the financial status of his estate at the time of his death, and then only out of the proceeds of the insurance policy upon the receipt by her of the proceeds thereof. Such an obligation is a collateral promise to answer for the debt of another and is unenforcible under subdivision 2 of section 31. In *First National Bank* v. *Chalmers* (144 N. Y. 432, 435) the court said: " The former assert that their assumption of the debt went no further than a consent to pay it *out of the proceeds* of the debtor's property after the discharge of their own debt; or, in other words, that their agreed liability was *to pay plaintiff only out of proceeds when realized, and only* then out of any possible excess remaining over and above their own debt. If that is true they were under no *present duty to pay the bank when the promise was made; the debt had not become theirs; might never become theirs; and so their verbal promise to the bank was purely collateral and to answer for the debt of another*. That proposition was quite distinctly held in *Ackley* v. *Parmenter* (98 N. Y. 425) and upon the authority of *Belknap* v. *Bender* (75 N. Y. 446) which disclosed an agreement simply to pay out of proceeds when realized, and so far as sufficient." (Italics mine.)

While forbearance may be a good consideration for a contract in general, it is insufficient to take an oral promise out of the Statute of Frauds; it is insufficient " because it consists only in harm to the promisee, while a consideration moving to and beneficial to the promisor is required to make an oral promise enforcible under the Statute of Frauds." (*Gibbs* v. *Holden*, 137 Misc. 480.)

Arnold was not discharged by defendant's alleged promise; he renewed his obligation to pay; the liability of payment remained primarily his; defendant did not assume a liability independent from his; she received no consideration; in legal effect, her promise

was no more than an indemnity, which to be enforcible must be in writing. Thus, in *White* v. *Rintoul* (108 N. Y. 222, 227) the court said: " where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor; " and in *Richardson Press* v. *Albright* (224 N. Y. 497, at p. 501) the court said: " The elements of beneficial interest and new consideration must be present to take the case out of the statute, but the inquiry remains whether the consideration is such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor (*White* v. *Rintoul, supra,* at page 227); " and in *Witchard* v. *Brody & Sons, Inc.* (257 N. Y. 97, at p. 99) the court said: " To say that the payment of a consideration removes an oral contract of guarantee from the application of the statute is to say that the statute can never operate, for there is no such thing as a contract without consideration (1 Williston on Contracts, § 472). Prof. Williston says: ' The true test of the validity of a new oral promise should be: Is the new promisor a surety? ' (Id. § 475.) If, as between the promisor and the original debtor, the promisor is bound to pay, the debt is his own and not within the statute. ' *Contrariwise if as between them the original debtor still ought to pay, the debt cannot be the promisor's own and he is undertaking to answer* for the debt of another.' (Id.) We find the same view expressed in *Mallory* v. *Gillett* (21 N. Y. 412, 415) and *Richardson Press* v. *Albright* (224 N. Y. 497, 502)."

The alleged promise of the defendant amounted to a guaranty of payment of Arnold's debt to the plaintiff; neither Arnold nor his estate was released therefrom. The contract was not reduced to writing and subscribed by the defendant or her lawful agent; the statute provides that these requirements must be fulfilled; for failure to do so, it is void.

The motion is granted and the complaint is dismissed.