In the Matter of the Accounting of FLORENCE M. HARVEY, as Executrix of KATHERINE M. CARLIN, Deceased.

Surrogate's Court, Queens County, April 3, 1951.

44

*Louis F. Lee* and *Joseph J. Corn, Jr.*, for Eisman, Lee, Corn, Lewine & Sheftel, petitioners.

*Sylvester Benjamin* for executrix, respondent.

SAVARESE, S. This is a proceeding to compel respondent executrix to account and for other relief. Petitioners, a firm of attorneys, claim that testatrix agreed to pay them $7,500 for legal services rendered to her, of which only $2,000 has been paid, and that respondent is also liable to them for the reasonable value of legal services rendered to her as executrix. Respondent interposed an answer containing a general denial and six affirmative defenses. Briefly, the latter consist of the Statute of Limitations, laches, the Statute of Frauds, discharge for justifiable cause, adequacy of petitioner's remedy under section 231-a of the Surrogate's Court Act, and that respondent cannot file her account because petitioners are withholding all the records, papers, documents, and other data of the estate. A trial has been held at which the issue concerning the alleged agreement of the testatrix to pay petitioners $7,500 was heard on the merits. The issue concerning the reasonable value of petitioners' services to respondent as executrix was reserved for future consideration.

Testatrix' husband, William J. Carlin, died in New York County on August 7, 1932. Two days before his death he conveyed four parcels of real property, substantially all his assets, to the testatrix herein without consideration. Testatrix offered his will, executed earlier in 1932, for probate. She was therein

named executrix and sole beneficiary. A daughter of Mr. Carlin by a prior marriage, of whose existence testatrix had theretofore been unaware, appeared and contested probate. She also instituted an action to set aside the afore-mentioned conveyances. After a jury trial a decree was entered denying probate to the 1932 will and an appeal was taken. At this point, some time in the spring of 1933, testatrix changed attorneys and engaged petitioners who represented her thereafter until her death on May 18, 1938. Petitioners succeeded in negotiating a comprehensive settlement of the aforesaid litigation which was embodied in an agreement executed on March 1, 1934. Pursuant to this agreement Mr. Carlin's daughter was to be paid $52,000 in consideration whereof the action to set aside the conveyances was to be discontinued, the probate appeal withdrawn, and an earlier will, dated November 2, 1927, which also named testatrix as executrix and sole beneficiary, admitted to probate. It was also agreed that the management of the real property be placed in the hands of an agent selected by testatrix who was to pay 60% of the net rents to Mr. Carlin's daughter until the full $52,000 was paid. A mortgage was given to secure said payments.

At the trial herein it was established that a month or two after the execution of the aforesaid settlement agreement there was a conference at testatrix' home at which she, her agent, a member of petitioners' firm, and the respondent were present. Testatrix there agreed to pay petitioners $7,500 for their services in connection with Mr. Carlin's estate. After testatrix' death petitioners consented to handle her estate for respondent only after the latter recognized and agreed to pay the $7,500, no part of which had then been paid, out of the assets of the estate. On October 17, 1939, respondent signed an affidavit in the estate tax proceeding in Mr. Carlin's estate in which she justified the deduction in the schedules of $7,500 for petitioners' fees by stating that her mother had agreed to pay that amount and that no part thereof had been paid. On October 26, 1940, and again on July 16, 1941, respondent delivered to petitioners, through her agent, checks of $1,000 each signed by her as executrix and payable to petitioners. The agent testified that these were in part payment of the $7,500 obligation of the testatrix and not in payment for services rendered to respondent as executrix. In conversations with a member of petitioners' firm in 1942 and 1949 respondent discussed the balance of $5,500 due them.

The promise upon which petitioners sue was made by the

testatrix during the month of April, 1934. She died on May 18, 1938, before the six-year Statute of Limitations had run. Petitioners' time to commence action on the promise would therefore not have expired until October, 1941. (Civ. Prac. Act, §§ 48, 21.) Prior to that time respondent as executrix acknowledged in writing the validity of the obligation and made two payments on account thereof. (See Civ. Prac. Act, § 59.) Moreover, these actions on the part of respondent, taken while the cause of action subsisted, constituted an allowance of petitioners' claim and stopped the running of the Statute of Limitations. (*Holly* v. *Gibbons,* 176 N. Y. 520; *Matter of Sutter,* 160 Misc. 484; Surrogate's Ct. Act, § 210.) No formal proof of claim is necessary where the fiduciary, as here, has personal knowledge thereof. (*Matter of Segall,* 287 N. Y. 52; *Matter of Niles,* 170 N. Y. 75, revg. 61 App. Div. 562, and affg. 33 Misc. 147.) The Statute of Limitations is not a bar to petitioners' claim for the balance of $5,500 due.

Testatrix' promise to pay petitioners when made in 1934 was an original promise and was not collateral to the obligation of any other person. She was the recognized owner of Mr. Carlin's real property under the conveyances made by him. She was also the executrix and sole beneficiary under his duly probated will. The legal services were rendered for her exclusive benefit and secured to her, title to Mr. Carlin's property. Even if in form her promise were made as executrix, it would nevertheless create an original personal obligation on her part, for which she might, if necessary and proper, seek reimbursement from her husband's estate. (*Austin* v. *Munro,* 47 N. Y. 360; *Matter of Merrill,* 165 Misc. 295; see 3 Warren's Heaton on Surrogates' Courts, § 223.) The Statute of Frauds (Personal Property Law, § 31, subd. 2) therefore has no application to the facts of this case. Testatrix did not promise to answer for the debt of any other person. Respondent by her conduct recognized a valid and subsisting personal obligation of her testatrix.

The action being timely the defense of laches has no bearing on the issues. Moreover, the tenor of the proof indicates that petitioners were not guilty thereof. They did not press their claim because the real property was heavily encumbered, because it was largely unproductive as far as testatrix and respondent were concerned, and because the latter were in poor financial circumstances. When the situation began to improve petitioners began to ask for payment.

The proof does not support respondent's defense of discharge for justifiable cause, but that is immaterial. Respondent was free to discharge petitioners at any time without cause, subject to their lien for services rendered. (*Matter of Krooks,* 257 N. Y. 329; *Matter of Tillman,* 259 N. Y. 133; *Matter of Nittoly,* N. Y. L. J. Nov. 25, 1949, p. 1383, col. 4.)

Petitioners' remedy under section 231-a of the Surrogate's Court Act is not adequate because they are claiming as a creditor of the testatrix as well as seeking the reasonable value of the services rendered to the executrix herein for the benefit of this estate.

Petitioners' claim for $5,500 is determined to be valid and is allowed. Respondent is directed to file her account and proceed expeditiously with its judicial settlement within sixty days of the service upon her of a certified copy of the order to be entered hereon. Payment of the $5,500 must await the accounting, as must the determination of the reasonable value of the services rendered by petitioners in this estate. If it appears upon the accounting that testatrix' personalty is insufficient to satisfy petitioners' claims, the court may direct the sale of the real property for that purpose. It is suggested that petitioners, who appear to have records of the estate which respondent may require, make the same accessible to her. Submit order on notice in accordance with the foregoing.