### John M. KOSSICK, Plaintiff,

v.

### UNITED FRUIT COMPANY, Defendant.

United States District Court
S. D. New York.

Sept. 10, 1958.

3. The ruling of Chief Judge Kirkpatrick in Miller v. Northeast Air Lines, D.C., C.A. 21691, relied on by plaintiff, is inapplicable since, in that case, defendant was doing business in this district at the time that service was made even though it was not doing business at the time the complaint was filed.

Jacob Rassner, New York City, for plaintiff.

Thomas H. Walker, New York City, for defendant.

BICKS, District Judge.

Presented on this motion, is the issue whether the first count in the amended complaint states a claim upon which relief can be granted.

Insofar as here material, the allegations thereof are, that: (i) plaintiff was in the employ of the defendant as Chief Steward; (ii) while so employed he "suffered injury, ailment and illness * * * for which conditions * * * [he] was entitled to treatment without expense to him and at the expense of the defendant herein in the event there was no United States Public Health Service Hospital available where such treatment might be received"; that such a Hospital was available; (iii) "after suffering the injury, ailment and illness as aforesaid," plaintiff prior to August 28, 1950 informed the defendant that he had made arrangements to engage the services of a Dr. Frick, a private physician of his own choosing "for all the necessary treatment and postoperative care for the price of $350.00, which he, the plaintiff, was willing to pay"; (iv) plaintiff informed the defendant that by reason of prior experience at the Marine Hospital he did not believe he would receive prompt, adequate and proper treatment at that institution; (v) defendant would not provide the medical care plaintiff required except via the facilities of the United States Public Health Service Hospital; (vi) defendant "agreed that if the plaintiff would discharge Dr. Frick, and would become a patient of the United States Public Health Service Hospital, that the defendant would assume all the responsibility of any improper, inadequate or incompetent treatment of whatever nature the plaintiff received at the hospital, or for the consequences of any lack of due treatment and nursing care and would compensate the plaintiff for any damages or ill effects that he would suffer by reason of his discharging Dr. Frick and in place thereof becoming a patient of the United States Marine Hospital;" (vii) in reliance upon the aforesaid agreement plaintiff gave up his right to be treated by his own doctor and became a patient at the United States Public Health Service Hospital on August 28, 1950; (viii) medication was administered to the plaintiff at the hospital which damaged certain internal organs all of which "had been perfectly healthy prior to the administration of the aforesaid dangerous, destructive and improper medication or drug"; and (ix) plaintiff's damages, alleged to be in the sum of $250,000 are "a result of his discharging Dr. Frick and becoming a patient of the United States Public Health Service Hospital."

As appears, the first count is bottomed on contract and not on unseaworthiness or the Jones Act, 46 U.S.C.A. § 688. This is not an oversight but rather a stratagem to resuscitate a claim time barred under the Jones Act. See 45 U.S.C.A. § 56; McAllister v. Magnolia Petroleum Co., 1958, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272; Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Sgambati v.

United States, 2 Cir., 172 F.2d 297, certiorari denied, 1949, 337 U.S. 938, 69 S. Ct. 1514, 93 L.Ed. 1743. The amended complaint also contains a count for maintenance and cure. The sufficiency of that count is not questioned upon the instant application.

■■■ The sufficiency of the first count is attacked on two grounds, viz.: (1) that the alleged agreement in suit is *nudum pactum* and (2) that it is void and unenforceable under the Statute of Frauds. Jurisdiction here is predicated on diversity of citizenship. We look, therefore, to the New York law to test the validity of defendant's contentions.[1]

■■■ In support of its claim that the agreement lacks vitality for absence of consideration, defendant urges that absent benefit to itself, an undertaking which it was under no legal duty to assume is unenforceable. This position is so clearly untenable as not to merit extended discussion. See Hamer v. Sidway, 1891, 124 N.Y. 538, 27 N.E. 256, 12 L.R. A. 463; Weiss v. Weiss, 2d Dept. 1943, 266 App.Div. 801, 41 N.Y.S.2d 777; Restatement, Contracts §§ 75, 76 (1932). Benefit to the defendant or no, and relative value of a promise and the agreed consideration therefor, are not determinative on this issue. See Mencher v. Weiss, 1953, 306 N.Y. 1, 114 N.E.2d 177; Walton Water Co. v. Village of Walton, 1924, 238 N.Y. 46, 143 N.E. 786; Hamer v. Sidway, supra; Restatement, Contracts § 81 (1932).

The second ground of attack—that the Statute of Frauds is a valid defense to the enforcement of the agreement—does not lend itself to the same summary disposition. N.Y. Personal Property Law, § 31, subd. 2 provides:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;

\* \* \* \* \* \*

"2. Is a special promise[2] to answer for the debt, default or miscarriage of another person; \* \* \* \*"

■■■ Absent a primary obligation, i. e., a duty on the part of one another than the party proceeded against, for which the said party undertakes to be answerable, the Statute of Frauds cannot be invoked. Lilyan-Realty Corp. v. Gottfried Baking Co., Sup.Ct.1944, 49 N.Y.S.2d 942; 2 Williston, Contracts § 454 (rev. ed. 1936); Simpson, Suretyship § 35 (1950). The words "debt, default or miscarriage" as employed in the Statute embrace all types of primary obligations and duties recognized by law, 2 Corbin, op. cit. § 347; 2 Williston, op. cit. § 453; 37 C.J.S., Frauds, Statute of, § 13; Restatement, Contracts § 180, comment b (1932); Restatement, Security § 89, comment b (1945); including liabilities sounding in tort. Kahn v. Naitove, Sup.Ct.1939, 171 Misc. 504, 12 N.Y.S.2d 144; Gibbs v. Holden, Sup.Ct.1930, 137 Misc. 480, 244 N.Y.S. 10, affirmed mem., 3d Dept. 1932, 237 App.Div. 862, 261 N.Y. S. 970; 49 Am.Jur., Statute of Frauds § 66.

■ Defendant's alleged undertaking, construed in the light most favorable to plaintiff, was to compensate him for all loss and damages that he might sustain by reason of any improper, inadequate or incompetent treatment received at the United States Public Health Service Hospital. The primary obligation to which this undertaking related was the duty of the hospital and its employees to exercise due care in treating plaintiff. Plaintiff

---

1. For purposes of the Erie-Tompkins rule, sufficiency of consideration [Pittsburgh Testing Laboratory v. Farnsworth & Chambers Co., 10 Cir., 1958, 251 F.2d 77] and applicability of Statute of Frauds [Macias v. Klein, 3 Cir., 1953, 203 F.2d 205, certiorari denied Macias v. Oakland Truck Sales, Inc., 346 U.S. 827, 74 S. Ct. 47, 98 L.Ed. 352] are "substantive".

2. A "special promise", within the meaning of the statute, is a promise made in fact as contrasted with a promise implied in law. 2 Corbin, Contracts § 347 (1950).

urges, however, that since *at the time of the defendant's promise* (which was before plaintiff entered the hospital) the hospital was under no obligation or duty to him, the defendant's promise did not relate to an *existing* obligation of another and, therefore, was not required to be in writing to be enforceable. Although there once may have been some doubts as to whether the applicability of the statute was limited to guarantees of a subsisting debt, see De Wolf v. Rabaud, 1828, 1 Pet. 476, 499–500, 26 U.S. 476, 499–500, 7 L.Ed. 227, it is now clear that a promise to answer for the default or miscarriage of another comes within the purview of the Statute without regard to the time when made, vis-a-vis the principal obligation. De Wolf v. Rabaud, supra; 2 Corbin, op. cit. § 347 & n. 39; Simpson, op. cit. § 35 at p. 126; 2 Williston, op. cit. § 461 at p. 1333; 49 Am. Jur., Statute of Frauds, § 89 at p. 444; 37 C.J.S. Frauds, Statute of § 14, at p. 521; Restatement, Contracts § 180 and comment b (1932); Restatement, Security § 89, illustration 2 (1941). "[N]o distinction appears to be made by the authorities between an agreement to pay an antecedent debt and indebtedness to be created subsequent to the promise." R. & L. Co. v. Metz, 1st Dep't 1914, 165 App.Div. 533, 538, 150 N.Y.S. 843, 846, affirmed mem., 1915, 215 N.Y. 695, 109 N.E. 1091.

Plaintiff characterizes the defendant's alleged undertaking as an "original" promise and from that promise proceeds to argue that it is out of the statute. The use of the terms "original" and "collateral" is not very helpful because they are not clearly defined and owing to the ambiguity of these terms the Restatement of Contracts, §§ 180 et seq., avoids their use. 2 Williston, op. cit. § 463 (rev. ed. 1936). See also Brown v. Weber, 1868, 38 N.Y. 187, 190; 2 Corbin, op. cit. § 348; Simpson, op. cit. § 35 (1950).

■ Where the promisor comes under an independent duty of payment irrespective of the liability of the principal debtor and the undertaking is founded on a new consideration moving to the promisor and beneficial to him, the undertaking is said to be "original", whereas if it is to answer for the debt, default or miscarriage of another it is characterized as "collateral". In Bulkley v. Shaw, 1942, 289 N.Y. 133, 137, 44 N.E.2d 398, 400, the Court of Appeals set out the test as follows:

> "The elements of beneficial interest and new consideration must be present to take the case out of the statute; *but the inquiry remains whether the consideration is such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor.*" [Emphasis by the court.]

■ There are two requirements each of which must be satisfied to take an oral promise out of the statute; first, the defendant's promise must be based upon a consideration which moves to the defendant and benefits him, and secondly, the defendant must be under an independent duty of payment irrespective of the liability of the principal debtor. See Richardson Press v. Albright, 1918, 224 N.Y. 497, 121 N.E. 362, 8 A.L.R. 1195; White v. Rintoul, 1888, 108 N.Y. 222, 15 N.E. 318; Zweighaft v. Lang, Sup.Ct.1949, 194 Misc. 370, 87 N.Y.S.2d 67, affirmed mem., 2d Dep't 1950, 276 App.Div. 1017, 95 N.Y.S.2d 503; Kahn v. Naitove, supra; Gibbs v. Holden, supra; Terminello v. Bleecker, N.Y.City Ct.1935, 155 Misc. 702, 280 N.Y.S. 326.

In order to satisfy the first requirement it is not enough to show that there was consideration for the promise because without a promise otherwise enforceable the question of the applicability of the Statute of Frauds is not reached. See Bulkley v. Shaw, supra; Ackley v. Parmenter, 1885, 98 N.Y. 425. The consideration moving to defendant must confer a direct and substantial benefit upon him. See, e. g., Raabe v. Squier, 1895, 148 N.Y. 81, 42 N.E. 516; First National Bank v. Chalmers, 1894, 144 N.Y. 432, 39 N.E. 331; In re Carlin's Will, Surr.Ct. 1951, 201 Misc. 43, 113 N.Y.S.2d 160; Smith v. Fredericks, Co.Ct.1932, 146

Misc. 453, 263 N.Y.S. 167; a mere detriment to or forbearance by the promisee, White v. Rintoul, supra; Ackley v. Parmenter, supra, or a moral or sentimental object, Gibbs v. Holden, supra, or slight and indirect possible advantages will not suffice. Kahn v. Naitove, supra.

It is difficult to perceive how the consideration moving to the defendant in the instant case could be deemed beneficial to it. A seaman who becomes ill in the service of his vessel is entitled to maintenance and cure, even though his ailment is not causally related to the employment. Calmar Steamship Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Rey v. Colonial Nav. Co., 2 Cir., 1941, 116 F.2d 580. However, "[t]he seaman does not have a free hand in choosing his own physician and deciding on his own treatment." Gilmore & Black, Admiralty § 6–11 at p. 266 (1957). On the contrary, it is settled law that an injured seaman who voluntarily rejects hospital care at a Marine Hospital [3] equipped to minister to his medical needs thereby forfeits his right to reimbursement from the shipowner for his hospital and medical expenditures. Muruaga v. United States, 2 Cir., 1949, 172 F.2d 318; Bailey v. City of New York, 2 Cir., 1946, 153 F.2d 427; McManus v. Marine Transport Lines, Inc., 2 Cir., 149 F.2d 969, certiorari denied, 1945, 326 U.S. 773, 66 S.Ct. 231, 90 L.Ed. 467; The Saquache, 2 Cir., 1940, 112 F.2d 482; The Bouker No. 2, supra. When defendant tendered plaintiff a master's certificate (which plaintiff accepted and used) its obligation to furnish cure was discharged. See also The Santa Barbara, 2 Cir., 1920, 263 F. 369; The Alpha, D.C.E.D.Pa.1942, 44 F. Supp. 809. Plaintiff, as he admitted in answer to an interrogatory propounded to him, "was well aware that the usual duties of a steamship owner or operator

were satisfied upon the furnishing of a captain's certificate to a United States Public Health Service Hospital * * *". The consideration for defendant's promise, therefore, could not and was not intended to confer any benefit upon it.

Bulkley v. Shaw, supra, 289 N.Y. at pages 138–139, 44 N.E.2d at page 401, the most recent decision of the New York Court of Appeals treating with the aspect of the Statute of Frauds here involved, "quoted with approval" the test suggested in 2 Williston, op. cit., § 475, i. e., Is the new promisor a surety?:

"If, as between the promisor and the original debtor, the promisor is bound to pay, the debt is his own and not within the statute. '*Contrariwise if as between them the original debtor still ought to pay, the debt cannot be the promisor's own and he is undertaking to answer for the debt of another.*'" [Emphasis by the court.]

In the case at bar, as between defendant and those who negligently treated the plaintiff, the latter should bear the burden of making the plaintiff whole for the injuries allegedly suffered at their hands. See Restatement, Security, illustrations 3, 5 at pp. 225–26 (1941).

Although the defendant's promise to compensate plaintiff is alleged to have been absolute in *form* it is not by reason of that fact alone rendered original. See Williston, op. cit. § 467 at pp. 1348–49. The promise in *substance* is to answer for the default of another and must be in writing to be enforceable. "The ancient purpose of the statute of frauds was to require satisfactory evidence of a promise to answer for the debt of another person, and its efficacy should not be wasted by unsubstantial verbal distinctions." Richardson Press v. Albright, supra, 224 N.Y. at page 502, 121 N.E. at page 364.

---

**3.** The courts take cognizance of the availability of the Marine Hospital service where seamen who present a "master's certificate" are entitled to treatment at a minimum expense or without charge. Calmar Steamship Corp. v. Taylor,

supra; The Bouker No. 2, 2 Cir., 241 F. 831, certiorari denied, 1917, 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529. See also United States v. Loyola, 9 Cir., 1947, 161 F.2d 126.

The New York Statute of Frauds precludes enforcement of the defendant's alleged oral promise. The issuance of the master's certificate to plaintiff and his use thereof to gain admittance to and utilize the facilities of the Marine Hospital did not constitute the shipowner an indemnitor against malpractice by or at that institution.[5]

Motion to dismiss first count of the amended complaint is granted.

So ordered.

---

5. But Cf. Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (failure to provide cure held actionable); Sims v. United States of America War Shipping Administration, 3 Cir., 1951, 186 F.2d 972, certiorari denied 342 U.S. 816, 72 S.Ct. 31, 96 L.Ed. 617 (consequential damages recoverable for failure to provide maintenance and cure after termination of voyage when demanded). See also Williams v. United States, 4 Cir., 1955, 228 F.2d 129, certiorari denied, 1956, 351 U.S. 986, 76 S. Ct. 1054, 100 L.Ed. 1499.