so. See Rule 38(a) (3) of the Federal Rules of Criminal Procedure. We need only add that the district court properly ignored the defendant's request for a stay since it was not addressed to that court.

We conclude that the fine having been paid in full, no controversy remains for determination and the appeal is moot. Accordingly, we need not consider the other grounds upon which the Government relies in support of its motion to dismiss the appeal.

■ One more matter must be considered, however. After the oral argument in this case the defendant filed a petition for leave to continue in forma pauperis. This late action was apparently taken in response to another ground relied upon by the Government for dismissal, namely, that, since the defendant on this appeal asks us to hold that the finding of the district court against him is not sustained by the evidence, it was incumbent upon him to procure and file a transcript of the evidence and to incorporate the pertinent parts of it in the appendix to his brief, all of which he failed to do. As a matter of fact, the defendant's appendix contained only some docket entries and a so-called "Condensed Statement of the Testimony" prepared by his counsel which the Government in its brief states does not accurately reflect the actual testimony and which, of course, had no proper place in the appendix. (See Rule 24(2) (e) of this court). Under these circumstances it would have been impossible for this court to consider the merits of the defendant's appeal even if it were not otherwise moot. Chase v. African Methodist Episcopal Church, 3 Cir., 1940, 108 F. 2d 977, 2 V.I. 411. But since, as we have seen, it is moot, it would be footless to grant the defendant leave now to proceed in forma pauperis even assuming that his application was timely.

The defendant's application for leave to prosecute his appeal in forma pauperis will be denied and his appeal will be dismissed.

John M. KOSSICK, Plaintiff-Appellant,

v.

UNITED FRUIT COMPANY, Defendant-Appellee.

No. 65, Docket 25771.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1959.

Decided Feb. 23, 1960.

Jacob Rassner, New York City (Thomas F. Frawley, New York City, on the brief), for plaintiff-appellant.

Eugene Underwood, New York City (Francis I. Fallon and Burlingham, Hupper & Kennedy, New York City, on the brief), for defendant-appellee.

Before MAGRUDER, MEDINA and FRIENDLY, Circuit Judges.

MAGRUDER, Circuit Judge.

Appeal is here taken from an order of the United States District Court for the Southern District of New York dismissing an amended complaint which appellant filed against United Fruit Company. 166 F.Supp. 571. It was alleged that appellant was working as chief steward on a vessel belonging to the United Fruit Co.; that while so working he suffered an illness which was not claimed to be attributable to any negligence or breach of duty by the defendant; that the shipowner had a maritime obligation to supply the seaman with "maintenance and cure"; that appellant had engaged the services of a private physician to treat his illness, but that the shipowner wanted the seaman to be treated free of charge at a United States Public Health Service Hospital at Staten Island, New York; that United Fruit Co. agreed, on or before August 28, 1950, that if the seaman would discharge his private physician and become a patient at such United States Public Health Service Hospital, "defendant would assume all the responsibility of any improper, inadequate or incompetent treatment of whatever nature the plaintiff received at the hospital, or for the consequences of any lack of due treatment and nursing care and would compensate the plaintiff for any damages or ill effects that he would suffer by reason of his discharging Dr. Frick and in place thereof becoming a patient of the United States Marine Hospital"; that in reliance upon such agreement by the shipowner appellant did in fact become a patient of the United States Public Health Service Hospital, Staten Island, New York, on August 28, 1950; that on the same day he suffered injuries by being chemically burned about the rectum when a strong colonic was negligently administered by personnel employed by the hospital; that by reason of the foregoing the plaintiff became totally and permanently disabled and suffered damages in the amount of $250,000, for which judgment against defendant was prayed.

As the district judge observed, these allegations were bottomed "on contract and not on unseaworthiness or the Jones Act"; that this was not an oversight by the plaintiff "but rather a stratagem to resuscitate a claim time barred under the Jones Act." 166 F. Supp. at page 573.

The basis of federal jurisdiction being alleged to depend on diversity of citizenship, the district judge thought that the contract sued on had to be governed, as respects its validity, by the New York Statute of Frauds, which provided in N. Y. Personal Property Law, § 31, subd. 2 that every agreement is void, unless it is contained in a memorandum signed by the party to be charged, if such agreement "[i]s a special promise to answer for the debt, default or miscarriage of another person."

Great reliance is placed by appellant upon the decision in Union Fish Co. v. Erickson, 1919, 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261, to the effect that a maritime contract cannot be nullified in an admiralty court by a State Statute of Frauds. We shall assume that Union Fish Co. v. Erickson is still the applicable law and that the decision therein has not been modified by subsequent decisions. Nevertheless it is obvious that it applies only to "maritime contracts." The contract sued on is not a maritime contract, since it was merely a promise to pay money, on land, if the former seaman should suffer injury at the hands of the United States Public Health Service personnel, on land, in the course of medical treatment. See Pacific Surety Co. v. Leatham & Smith Co., 7 Cir., 1907, 151 F. 440; Clinton v. International Organization of Masters, 9 Cir., 1958, 254 F. 2d 370. For all that appears in the complaint, it may well be that the contract sued on was allegedly made after the maritime contract of employment of the plaintiff had been terminated. It really makes no difference whether this is so or not. All that remained was the performance by the shipowner of its undisputed obligation to supply maintenance and cure. The shipowner supplied plaintiff with a master's certificate, which was used by him to obtain admittance as a patient in the United States Public Health Service Hospital. See The Bouker No. 2, 2 Cir., 1917, 241 F. 831, 835, certiorari denied sub nom. Jones v. Bouker Contracting Co., 1917, 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529. That took care of the obligation to furnish "cure." As to the obligation to furnish maintenance, it is true that the amended complaint also contained a second count alleging that defendant failed and refused to supply plaintiff with the expenses of his maintenance and cure. But in the order appealed from, this second cause of action was discontinued "without prejudice and without costs to either party"; and appellant makes no objection to this action by the trial judge.

A judgment will be entered affirming the order of the District Court.