■ In the Matter of IDA SPERMAN et al., Appellants, v MICHAEL J. CODD, as Commissioner of the Police Department of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review two determinations of the respondent Commissioner of the Police Department of the City of New York, the first of which denied petitioner Ida Sperman's application for a "premises" pistol license and the second of which denied petitioner Jacob Sperman's application to renew his "carry" pistol license, petitioners appeal from an order and judgment (one paper) of the Supreme Court, Kings County, dated August 31, 1977, which, *inter alia,* granted the respondent's motion to dismiss the petition. Order and judgment affirmed, without costs or disbursements. The proceeding not having been commenced within four months after the determinations to be reviewed became final and binding, it was barred by the Statute of Limitations (see CPLR 217). We note that the petitioners' demand for the resolution of the grave problems so ably presented in the *pro se* brief, petition and supporting affidavits should be addressed to the Legislature. Titone, J. P., Suozzi, Margett and O'Connor, JJ., concur.

■ In the Matter of UNION MORTGAGEE CORP. et al., Petitioners, v MARIO CUOMO, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Secretary of State, dated February 27, 1976, as, after a hearing, held that the petitioners had demonstrated incompetency (see Real Property Law, § 441-c) and suspended their real estate brokers' licenses for one year, or in lieu thereof fined each $1,500. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, with costs. There is substantial evidence in the record to support the finding that petitioners had demonstrated incompetency. The other arguments raised by the petitioners are without merit. Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ In the Matter of UNIVERSAL ICE CREAM CORP., Assignor (HANS J. AUMAN, Assignee). JOSEPH BAUER et al., Appellants; HANS J. AUMAN, Respondent.—In a proceeding to determine the priority of claims arising out of a general assignment for the benefit of creditors, the appeal, as limited by appellants' brief is from so much of an order of the Supreme Court, Kings County, dated December 7, 1976, as disallowed their claims for severance pay. Order reversed insofar as appealed from, on the law, without costs or disbursements, the appellants' claims are allowed, and the proceeding is remanded to the Special Term for the entry of an appropriate amended order in accordance herewith. The agreement between the union and the assignor to compute severance pay by including the years of the employees' service with the predecessor employer was an original promise. Thus the Statute of Frauds was not a defense to that agreement (see *Richardson Press v Albright,* 224 NY 497; *Bulkley v Shaw,* 289 NY 133). Titone, J. P., Suozzi, Margett and O'Connor, JJ., concur.