ROBERT A. WATSON, Respondent, *v.* FRANK QUILTER, Appellant.

First Department, June 3, 1927.

Guaranty and suretyship — action against alleged guarantor to recover salary due from corporation for which plaintiff worked — Statute of Frauds — oral agreement by defendant that he would pay money within few days if plaintiff would not proceed against corporation, is within Statute of Frauds.

This is an action to recover from the defendant an amount owing to the plaintiff for salary as an officer of a corporation, and is based upon an alleged oral agreement by the defendant that he would pay the amount due within a few days if the plaintiff would not take any action against the corporation. The agreement in question is within the Statute of Frauds and is unenforcible, since it was not in writing. The evidence does not show that the parties contemplated that the defendant would become a principal debtor primarily liable, but that the original debt of the corporation would remain and that the plaintiff would pay that debt if the corporation did not do so within a few days.

MERRELL and MARTIN, JJ., dissent.

APPEAL by the defendant, Frank Quilter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of June, 1926, upon the verdict of a jury, with notice of intention to bring up for review an order entered in said clerk's office on June 10, 1926, denying defendant's motion to dismiss the complaint and denying his motion for a new trial upon the minutes.

*Robert H. Ewell,* for the appellant.

*Arthur B. Smith* of counsel [*Edwin M. Bohm* with him on the brief; *Smith & Kieser,* attorneys], for the respondent.

PROSKAUER, J. The plaintiff was employed by the American-European Finance Corporation, of which the defendant was an officer. His salary was not paid. He asserted his claim against the corporation. Thereupon the defendant " told me at that time that he would pay this money himself if the corporation did not." Thereafter the defendant stated in a letter: " I will personally see that it is taken care of accordingly as this is my responsibility." At a subsequent conversation the plaintiff stated to the defendant that

he intended to sue the corporation if he did not get a check. He testified: " I agreed that if he would send that check within a few days I would not take any action, but that if he did not send it, I would put the matter in the hands of my counsel. * * * He said he would send me his check within a few days." Counsel then put the following leading question: " Mr. Quilter told you that he would pay you $9,000 in cash, and, in consideration of that payment you were to give up your claim against the company and release any claim which you might have for the common stock of the company; is that correct? A. Correct." A few days after this conversation, plaintiff's attorneys wrote a demand to the defendant in " the matter of his salary due from the above company."

The defendant challenges the correctness of a judgment for plaintiff upon the ground that the Statute of Frauds was a complete bar to the suit. The defendant's letter was not a memorandum of the contract, as it was written before the contract was made. The contract itself was, in substance, only that if the defendant would agree to pay the corporation's debt within a few days, the plaintiff would agree to wait a few days, reserving his right to sue the corporation if the defendant failed to pay. Such an agreement is within the Statute of Frauds. It is futile to endeavor to reconcile the lines of conflicting authorities dealing with the subject of primary and collateral obligations. The discussion of this subject in 1 Williston on Contracts (§§ 462–475) sufficiently discloses the unsettled condition in which the law has heretofore been. We regard these conflicts as settled, however, by *Richardson Press v. Albright* (224 N. Y. 497), which is conclusive upon this appeal. There the defendant was a stockholder in the Oceanic Publishing Company; the plaintiff was a creditor; in response to a request made to the defendant by the plaintiff for payment, the defendant agreed, " I will * * * pay you $1,500 in three payments, $500 weekly. I will further agree to pay each issue hereafter in cash, before you send it out." The court points out that the record discloses the defendant's desire to have the plaintiff continue the issuance of a magazine and the benefit to him of plaintiff's agreement. POUND, J., writes:

" Thus the element of a new consideration moving to him was present. But his beneficial interest was at best remote. Unquestionably the principal debt was not extinguished and credit was still given and to be given to Oceanic Publishing Company. * * *

" But a promise may still be collateral, even though the new consideration moves to the promisor and is beneficial to him. * * * The inquiry remains whether the consideration is such

that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor.   *   *   *

" When the primary debt continues to exist, the promise of another to pay the debt may be original or it may not be, but it is regarded as original only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable."

The parties here did not contemplate that the defendant should become the " principal debtor primarily liable." The original debt remained. The postponement of suit against the corporation was to be but for a few days. There was no agreement to release the corporation except in the event of payment. All that happened was that the defendant promised to pay the plaintiff the corporation's debt if the plaintiff would agree to wait a few days. What he promised to pay was the debt of the corporation. The complaint itself alleges that the sum which defendant promised to pay was the amount of salary due plaintiff from the American-European Finance Corporation. There is nothing from which the court can infer that the defendant made himself the principal debtor primarily liable.

For these reasons the judgment and order appealed from should be reversed, with costs, and the complaint dismissed on the merits, with costs.

DOWLING, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.