ADOLPH WITSCHARD, Plaintiff, *v.* A. BRODY & SONS, INC., et al., Appellants, and EDWIN S. BUCKLEY et al., Respondents, Impleaded with Others.

(Submitted June 4, 1931; decided July 15, 1931.)

*M. Warren Berk* for appellants. The alleged agreement made by the defendant owner, guaranteeing the contractor's account, was not in writing and was, therefore, void under section 31 of the Personal Property Law and unenforceable. (*Richardson Press* v. *Albright*, 224 N. Y. 497; *Gibbs* v. *Holden*, 137 Misc. Rep. 480; *Snyder* v.

*Eckstein Brewing Co.*, 107 App. Div. 328; 188 N. Y. 576; *Mallory* v. *Gillett*, 21 N. Y. 412; *White* v. *Rintoul*, 108 N. Y. 222; *Roscoe Lumber Co.* v. *Reynolds*, 124 App. Div. 539; *Mechanics & Traders Bank* v. *Stettheimer*, 116 App. Div. 198; *Halstead* v. *Pelletreau*, 101 App. Div. 125; *Ackley* v. *Parmenter*, 98 N. Y. 425.)

*Alex C. Webber* and *Sidney H. Swezey* for Westbury Lumber Company, respondent. The promise of defendant-appellant to pay for past and future deliveries was supported by a new consideration moving to the promisor and beneficial to it and the promisor undertook to perform an independent duty of paying. These conditions take the promise out of the statute. (*Parisi* v. *Hubbard*, 226 App. Div. 280.)

*George E. Mulry* for Cloyd Davis, respondent.

KELLOGG, J. The defendant Edwin S. Buckley entered into a contract with the defendant A. Brody & Sons, Inc., to perform certain work on the premises of the latter, in making excavations, building walls and laying concrete floorings. Buckley, for necessary lumber supplied to the job, became indebted in a substantial sum to the defendant Westbury Lumber Co., Inc. More lumber was required to complete the job, but the Westbury Company refused to make further deliveries. Mr. Ben Brody, of the Brody firm, said to officers of the Westbury Company that if they " continued to deliver the balance of materials needed on that job he would guarantee payment of what had already been delivered, and what was to be delivered in the future." The Westbury Company thereupon resumed deliveries to Buckley. Their bill against Buckley never having been paid, the Westbury Company seeks in this action to recover the amount of the bill from the Brody company upon the promise made by that company, through Ben Brody, to guarantee the Buckley account. We think that the promise, made orally, was not enforce-

able under the Statute of Frauds, since, it was " a special promise to answer for the debt, default or miscarriage of another person." (Pers. Prop. Law; Cons. Laws, ch. 41, § 31, subd. 2.) The fact that the Westbury Company, in continuing its deliveries to Buckley, at the request of the Brody company, supplied a consideration for the latter's promise is not sufficient to make the statute inoperative. A promise to guarantee the account of another, like every promise, requires the support of a consideration paid or promised, in order that an enforceable contract may have been formed. To say that the payment of a consideration removes an oral contract of guarantee from the application of the statute is to say that the statute can never operate, for there is no such thing as a contract without consideration. (1 Williston on Contracts, § 472.) Prof. Williston says: " The true test of the validity of a new oral promise should be: Is the new promisor a surety?" (Id. § 475.) If, as between the promisor and the original debtor, the promisor is bound to pay, the debt is his own and not within the statute. " Contrariwise if as between them the original debtor still ought to pay, the debt cannot be the promisor's own and he is undertaking to answer for the debt of another." (Id.) We find the same view expressed in *Mallory* v. *Gillett* (21 N. Y. 412, 415) and *Richardson Press* v. *Albright* (224 N. Y. 497, 502). In the former, COMSTOCK, Ch. J., said that " the inquiry under that statute is, whether there be a debtor and a surety; " in the latter, POUND, J., said that the promise is original " only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable." In this instance, the language of the promisor unmistakably indicates its intention to become a surety, for the very promise relied upon is that it " would guarantee payment." We have no doubt that the oral promise was within the statute and unenforceable.

The judgment in favor of respondent Cloyd Davis against appellant, A. Brody & Sons, Inc., should be affirmed; and the judgment in favor of the respondent Westbury Lumber Co., Inc., against the appellant A. Brody & Sons, Inc., should be reversed, with costs to the appellant A. Brody & Sons, Inc., against the respondent Westbury Lumber Co., Inc.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.