PRUDENTIAL IRON WORKS, INC., Plaintiff, *v.* COLCHESTER REALTY CORPORATION and Another, Defendants.

City Court of New York, Bronx County, January 7, 1932.

*Harry G. Weinstein,* for the plaintiff.

*Griggs, Baldwin & Baldwin,* for the defendants.

DONNELLY, J. By a written agreement dated January 16, 1929, between the plaintiff and the defendant Colchester Realty Corporation, the plaintiff agreed to furnish to said defendant certain work,

labor, services and materials in connection with the iron and steel work in the erection of an apartment house in Scarsdale. About six months thereafter the defendant Pirozzi became associated with the corporation, paying into it $45,000 or $50,000, and he then assumed the office of secretary therein. At that time the work of plaintiff under its contract was complete, with the exception of a few small items of extras. It is conceded that there was then due to plaintiff from the defendant Colchester for work done on the job the sum of $1,405.02. About the end of July, 1929, the plaintiff's secretary, Hershkowitz, applied to Pirozzi for a payment due on the contract. About a month later, Hershkowitz had another meeting with Pirozzi, in which the latter requested that certain saddles for the elevators be furnished to the job. Hershkowitz said he would not do so because the corporation owed the plaintiff money that was past due. Pirozzi replied that he would be responsible for all the money due the plaintiff; that he (Pirozzi) was taking over the job himself; was going to finance it and finish it himself; and would personally guarantee the payments past due the plaintiff, and would pay the money out of his personal account. On this promise the plaintiff supplied the saddles and whatever else was necessary to complete the work.

On these facts I think the rule announced in *Witschard* v. *Brody & Sons, Inc.* (257 N. Y. 97), applies. There the defendant Edwin S. Buckley entered into a contract with the defendant A. Brody & Sons, Inc., to perform certain work on the premises of the latter, in making excavations, building walls and laying concrete floorings. Buckley, for necessary lumber supplied to the job, became indebted in a substantial sum to the defendant Westbury Lumber Company, Inc. More lumber was required to complete the job, but the Westbury Company refused to make further deliveries. Mr. Ben Brody, of the Brody firm, said to officers of the Westbury Company that, if they " continued to deliver the balance of materials needed on that job he would guarantee payment of what had already been delivered, and what was to be delivered in the future." The Westbury Company thereupon resumed deliveries to Buckley. The court said: " The fact that the Westbury Company, in continuing its deliveries to Buckley, at the request of the Brody company, supplied a consideration for the latter's promise is not sufficient to make the statute inoperative. A promise to guarantee the account of another, like every promise, requires the support of a consideration paid or promised, in order that an enforceable contract may have been formed. To say that the payment of a consideration removes an oral contract of guarantee from the application of the statute is to say that the statute can never

operate, for there is no such thing as a contract without consideration. (1 Williston on Contracts, § 472.) Prof. Williston says: ' The true test of the validity of a new oral promise should be: Is the new promisor a surety? ' (Id. § 475.) If, as between the promisor and the original debtor, the promisor is bound to pay, the debt is his own and not within the statute. ' Contrariwise if as between them the original debtor still ought to pay, the debt cannot be the promisor's own and he is undertaking to answer for the debt of another.' " Hershkowitz testified that, when Pirozzi told him he would personally guarantee, he (Pirozzi) put his individual signature to the contract. According to Hershkowitz " he didn't sign it as an officer of the corporation." Pirozzi's version is that Hershkowitz came to his office with plaintiff's copy of the contract, and asked him if he (Pirozzi) had found his copy. Pirozzi replied that he had not, but that he had checked with Dr. Tomasulo the amount of the contract, whereupon Hershkowitz said: " I don't want any misunderstanding later; will you have any objection to sign this copy, so long as you know the amount is correct, in recognition that this is the contract in existence between the Prudential Iron Works and Colchester? " Pirozzi replied: " If that worries you, and you want me to sign in recognition that the contract is in existence between the Prudential Iron Works and Colchester, I have no objection and I will be glad to sign it." All that this amounts to is a written acknowledgment by Pirozzi of the fact that the contract shown to him by Hershkowitz had been entered into between plaintiff and the Colchester Realty Corporation, and the further admission that there was then past due under such contract the amount stated by Hershkowitz and conceded by Pirozzi to be correct. There is nothing in this testimony of which a written promise by Pirozzi to answer for the past indebtedness of the Colchester Realty Corporation to plaintiff can be predicated. (Pers. Prop. Law, § 31, subd. 2.)

Motion by defendant Pirozzi to dismiss the complaint as against him is granted, with an exception to plaintiff. Ten days' stay of execution, and thirty days to make and serve a case, allowed. Judgment on the stipulation in favor of plaintiff and against the defendant Colchester Realty Corporation for $1,405.02, with interest thereon from the 15th day of June, 1931.