John D. Morgan, Respondent, *v.* Ebco Machine Corporation, Appellant.

First Department, November 3, 1933.

*Lionel S. Popkin* of counsel [*Limburg, Riegelman, Hirsch & Hess,* attorneys], for the appellant.

*Robert L. Finley* of counsel [*Franklin V. Peale* and *Arthur J. Kane, Jr.,* with him on the brief; *Peale & Peale,* attorneys], for the respondent.

Glennon, J. This action was commenced by plaintiff, a patent attorney, to recover for professional services rendered and disbursements made in connection with applications for certain patents. Two causes of action are stated in the complaint. We are concerned only with the first. Therein it is alleged that prior to December 13, 1927, one William G. Forbes had applied for patents on a cigarette cut-off device, and that prior to that date plaintiff had rendered legal services to Forbes in connection therewith. On December 13, 1927, this defendant, Ebco Machine Corporation, entered into a contract with Forbes whereby the latter granted to defendant the right to manufacture, use and sell the device. As part of this agreement defendant covenanted to pay for and conduct the prosecution of the applications for patents after the date of the agreement. In this respect the agreement provides as follows:

" 3. Ebco Machine Corporation agrees to pay for and conduct the prosecution of said two applications for Letters Patent of the United States and said one application for Letters Patent of Great Britain, for such prosecution made after the date of this agreement, it being understood that all expenses incurred in the filing and the prosecution of said two United States applications and said British application to and prior to the date of this agreement, shall be borne by and paid for by said Forbes. * * *.

" 4. In the event that Ebco Machine Corporation shall desire to file applications for Letters Patent in foreign countries other than the aforesaid application heretofore filed in Great Britain, the charges and other costs for filing such additional foreign applications and for procuring the resulting Letters Patent and the taxes thereof to January 1st, 1933, shall be borne and paid for by said Ebco Machine Corporation, and said Forbes hereby agrees to execute at the request of and without any expense to said Ebco Machine Corporation, all papers forming a part of the applications."

The complaint then alleges: " That subsequent to December 13, 1927, the date of said agreement, plaintiff, knowing of and relying upon the covenants of said agreement, rendered professional services to defendant and said Forbes in connection with the prosecution of said applications, a detailed statement of which services was rendered defendant on or about September 15, 1929."

It is also further alleged: " That plaintiff actually paid out as disbursements in connection with the prosecution of said applications the sum of $122.76, as set forth in detail in said statement."

The complaint then demands judgment for the sum of $4,123.76, with interest.

A motion was made by defendant to dismiss this first cause of action, upon the ground that it is insufficient in law. This motion was denied.

The plaintiff argues that the contract between defendant and Forbes was for his benefit, and consequently he may sue upon it. As authority for this contention he relies upon the general doctrine laid down in the leading case of *Lawrence* v. *Fox* (20 N. Y. 268), and since followed by the courts of this State but with many limitations.

With respect to the contract, plaintiff makes the following concessions: (1) That plaintiff was not named in or identified in this contract; (2) that at the time the contract was made neither Forbes nor defendant was under any obligation or duty to plaintiff with respect to the services out of which this suit has arisen; and (3) that the provision in the contract that defendant should pay for and prosecute the applications was inserted for the protection of

Forbes, whether or not it was also intended to benefit the patent lawyer who should prosecute the applications.

Nevertheless, plaintiff insists that none of these circumstances is fatal to this action. He advances an argument which is indeed novel. Briefly it is that " when the contract was executed the parties knew that an obligation would be incurred to some patent lawyer, and a benefit to the lawyer who should prosecute the applications was within the contemplation of the parties." Furthermore, " when the plaintiff rendered these services to Forbes and defendant, there arose an obligation from Forbes to plaintiff, which, though non-existent at the time the contract was made, is sufficient to connect plaintiff with that contract. Finally, the contemplated benefit to the person rendering the services (here the plaintiff) was no less a benefit because the purpose moving Forbes to exact the promise in question was doubtless to relieve himself of the obligation for future services."

We can find no support for this contention in any of the authorities relied upon by plaintiff. In fact as we read them they hold to the contrary. In a recent case (*Van Clief & Sons, Inc.*, v. *City of New York*, 141 Misc. 216) Mr. Justice UNTERMYER stated: " To allow a right of action to one not a party to the contract, the condition seems universally to be recognized as necessary that the contract will not merely operate, but shall have been intended, for his benefit. Although the right of third persons to enforce contracts to which they are not parties has been vastly extended in modern times (*Seaver* v. *Ransom*, 224 N. Y. 233), it may be stated as a general principle that the rights of such third persons will be only such as the parties to the contract by which those rights are created intended they should be. (*Skinner Bros. Mfg. Co., Inc.*, v. *Shevlin Engineering Co., Inc.*, 231 App. Div. 656.) "

From the provisions of the contract quoted above it is quite apparent that what the parties had in mind was the protection of Forbes. Nothing is contained therein either expressly or by implication which might be construed as a grant of a benefit to a third party. The mere fact that the conduct and prosecution of the patent applications incidentally required the services of a patent attorney does not alter the situation. It cannot be said that these provisions of the contract were intended for the benefit of this plaintiff or any other patent attorney.

There is nothing in the wording of the agreement to indicate that any such thing was within the contemplation of the parties at the time it was drawn.

The order so far as appealed from should be reversed, with

twenty dollars costs and disbursements, and the motion to dismiss the first cause of action stated in the complaint granted, with ten dollars costs.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.