GEORGE E. MANN, Appellant, v. BLAINE EWING, Respondent.

Supreme Court, Appellate Term, First Department, July 12, 1935.

*Leonard Mook*, for the appellant.

*John C. Pemberton*, for the respondent.

FRANKENTHALER, J. In December, 1929, plaintiff was a real estate salesman in the employ of Ewing, Bacon & Henry, Inc., of which the defendant Ewing was the president and sole stockholder. The corporation then owed plaintiff $3,381.95, payment of which had been demanded.

The indebtedness of the corporation to plaintiff being unpaid, plaintiff threatened to bring suit, whereupon defendant, who was about to sell his entire interest in the corporation to one McNaught, asked plaintiff not to sue, and in consideration of forbearance agreed to pay plaintiff the corporate indebtedness after the transfer of the stock.

Plaintiff refrained from suing and subsequently received checks from the defendant — checks of Ewing & Ives, Inc., a different corporation from the original debtor — aggregating $1,800, leaving a balance due of $1,581.95, to recover which this action was brought.

McNaught, the purchaser of defendant's stock, testified that he was buying only the assets of the debtor corporation; that he took over none of the liabilities; that defendant agreed to pay all the indebtedness of the corporation, and at that time plaintiff's debt was listed in the books of account.

The agreement in suit is an oral one; defendant denied the making of the agreement, and on the trial the answer was amended to plead the Statute of Frauds — the oral promise of the defendant to answer for the debt of the corporation.

At the close of the testimony the trial judge said: " If it is a question of fact as to whether Ewing & Ives' checks were paid for another obligation or the obligation sued on, I am going to hold as a matter of fact that these checks were paid on account of its obligation, the obligation of Ewing, Bacon & Henry to the plaintiff, because the plaintiff said so and the defendant has not impressed me that it is not so by his testimony."

Upon the ground that the oral contract relied upon was unenforcible because defendant's promise was to pay the debt of another, judgment was directed for defendant.

In support of defendant's judgment respondent cites *Witschard* v. *Brody & Sons, Inc.* (257 N. Y. 97); *Richardson Press* v. *Albright* (224 id. 497); *Watson* v. *Quilter* (220 App. Div. 663; affd., 249 N. Y. 562). In each of these cases it is inferable from the facts as stated that the contract of defendant was one of guaranty merely.

In the *Witschard* case the court says (257 N. Y. 99): " The fact that the Westbury Company, in continuing its deliveries to Buckley, at the request of the Brody Company, supplied a consideration for the latter's promise is not sufficient to make the statute inoperative. A promise to guarantee the account of another, like every promise, requires the support of a consideration paid or promised, in order that an enforcible contract may have been formed. To say that the payment of a consideration removes an oral contract of guarantee from the application of the statute is to say that the statute can never operate, for there is no such thing as a contract without consideration." And the court cites Professor Williston (1 Williston Cont. § 475) that " the true test of the validity of a new oral promise should be: Is the new promisor a surety? "

In *Richardson Press* v. *Albright* (224 N. Y. 497, 502) POUND, J., says that the promise is original " only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable."

In *Watson* v. *Quilter* (*supra*) the Appellate Division says: " It is futile to endeavor to reconcile the lines of conflicting authorities dealing with the subject of primary and collateral obligations. The discussion of this subject in 1 Williston on Contracts (§§ 462–475) sufficiently discloses the unsettled condition in which the law has heretofore been. We regard these conflicts as settled, however, by *Richardson Press* v. *Albright* (224 N. Y. 497)."

The courts have repeatedly held that a promise upon consideration of forbearance to sue the debtor is not original, and to prevail against the statute must be in writing. (*White* v. *Rintoul*, 108 N. Y. 222.) Appellant relies on the doctrine of the case last cited " that where the primary debt subsists and was antecedently

contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor." This statement of the rule, however, does not quite gibe with the modern test that to prevent the bar of the statute the party sought to be charged must become a principal debtor primarily liable.

The evidence in this case showing an assumption of the obligations of the corporate debtor by defendant, its president and the owner of all of its stock, in consideration of the purchase by McNaught of all of the corporate assets, the debtor, thus stripped by the act of defendant of all of its assets, was relieved from its obligation to plaintiff, and defendant became within the intention of the parties and the scope of prevailing authority a principal debtor primarily liable for the payment of the indebtedness in suit. Indeed the evidence indicates that defendant, the sole stockholder of the debtor, deemed himself the corporation, and as such effected the deal with McNaught, which resulted in the virtual dissolution of the debtor.

" If, as between himself and the original promisor the debt really ought to be paid by the latter, whatever may be the other elements of the transaction, the new promisor is on principle and in fact promising to answer for the debt or default of another. The fact that he is led to do this by considerations of his own advantage, does not make the ultimate fact that the debt is another's any the less true. On the other hand if, as between the original debtor and the new promisor, the latter ought to pay the debt, he is promising to answer for his own debt, not that of another." (1 Williston Cont. § 475, p. 914.)

Where a debtor transfers property to a third person in consideration of an agreement of the latter to assume and pay the debt, and he thereupon promises the creditor to pay, he makes the debt his own, and so assumes an independent duty of payment irrespective of the liability of the principal debtor, and becomes primarily liable for the discharge of the debt. Such an agreement, therefore, is not simply a promise to answer for the debt or default of another, and so is not within the provision of the Statute of Frauds. (*First National Bank of Sing Sing* v. *Chalmers*, 144 N. Y. 432.)

The judgment should be reversed, with costs, and judgment directed for plaintiff as demanded in the complaint, with costs.

All concur; present, CALLAHAN, FRANKENTHALER and SHIENTAG, JJ.