LOUIS L. TETELMAN and Another, Copartners, Practicing Law under the Firm Name of TETELMAN & TETELMAN, Plaintiffs, *v.* ROBERT C. FULTON and Another, as Trustees under the Will of HARRIET D. POTTER, and BANKERS TRUST COMPANY, as Substituted Trustee under the Will of HARRIET D. POTTER, Deceased, Defendants.

Municipal Court of New York, Borough of Bronx, Second District, August 12, 1938.

*Harry Cohen*, for the plaintiffs.

*Montgomery, Peabody, Grace & Derby*, for the defendants.

LYMAN, J. This is an action for legal services rendered by the plaintiffs to the lessees of the defendants in connection with the reduction of the assessed valuation of the property by which a yearly saving of approximately $2,300 was effected. The value of the services is not disputed, but liability is disclaimed on several grounds both factual and legal upon which this court is asked to decide as a trier of the facts and law.

The first of these defenses is that the services were rendered to the lessees of the defendants at the former's request and were, therefore, as far as the defendants were concerned, gratuitous. If this contention were sustained by the evidence, the fact that the services incidentally benefited the defendants would not give rise to a cause of action. (*Lynn* v. *Agnew*, 179 App. Div. 305; affd., *sub nom. Lynn* v. *McCann*, 226 N. Y. 654; Judiciary Law, § 474.) The plaintiffs concede that the services were not rendered at the defendants' request.

The leasehold was reacquired by the defendants by a written instrument subsequent to the rendition of the services in question. This instrument contained a provision that the defendant trustees would collect all rents due and pay all costs of management and upkeep, including legal fees. As a matter of contract interpretation

it would seem clear that by this promise the trustees intended to assume all future legal obligations in connection with the management of the property and not the obligation to the plaintiffs for past services rendered, even though those services were beneficial to the estate. To give rise to a cause of action by a third party for whose alleged benefit an agreement is made, the language of the agreement must clearly spell out an intention to benefit the third party. (*Morgan* v. *Ebco Machine Corp.*, 239 App. Div. 346.)

Plaintiffs, however, do not rest their right to recovery on this written promise, but rather on two alleged independent oral promises to pay the plaintiffs, allegedly made by the trustees to the lessees and subsequently repeated to the plaintiffs. Those promises, if made, would constitute a collateral oral agreement which would be independent of the written instrument and capable of proof by parol evidence. (*Royal Indemnity Co.* v. *Preferred Accident Ins. Co.*, 243 App. Div. 297; affd., 268 N. Y. 566; *Williamson* v. *Casa-Eguia*, 253 id. 41.) The fact that the services had already been rendered to a third party before the collateral agreement was made does not affect its validity. (*Ubert* v. *Schonger*, 144 App. Div. 697; *Naylor* v. *Davis*, 130 id. 311.) *Ubert* v. *Schonger* (*supra*) is particularly apposite.

The defendants further contend that even if the collateral agreement was in fact made it was unenforcible because it was a promise to pay the debt of another. (Pers. Prop. Law, § 31.) This defense was not affirmatively pleaded and it is doubtful if it could be raised after the trial. (*Hardt* v. *Recknagel*, 62 App. Div. 106.) The defense can, however, be disposed of on another ground, and that is that the collateral agreement was not such an agreement as to be unenforcible because of the prohibition of that section. (*First National Bank of Sing Sing* v. *Chalmers*, 144 N. Y. 432; *Mann* v. *Ewing*, 156 Misc. 216.) The ruling in these cases is that where a debtor transfers property to his creditor in consideration of the creditor's promise to assume an obligation of the debtor to a third party, and the creditor subsequently promises the third party to pay, then such a promise becomes a primary obligation and is consequently not rendered unenforcible because of the Statute of Frauds.

The remaining questions are factual, and in the opinion of this court the testimony and the surrounding circumstances sustain the plaintiffs' contention. The motion to dismiss the complaint is denied. Judgment for the plaintiffs in the sum of $1,000. Exception to defendants. Ten days' stay.