In the Matter of the Estate of EDWARD W. BROWNING, Deceased.

Surrogate's Court, New York County, December 9, 1939.

*Joseph V. McKee*, for the executor.

*Barshay, Frankel & Rothstein*, for Victor K. D. Ross, respondent.

DELEHANTY, S. The petition in this discovery proceeding alleges the making in deceased's lifetime of an agreement between deceased and a wholly owned corporation on the one part and respondent

on the other whereby legal services were rendered by respondent for a fixed salary. It is alleged that the agreement expressly reserves to respondent's clients all costs and allowances. It alleges that without right respondent appropriated to himself costs and allowances and withdrew from the corporation wholly owned by deceased sums in excess of the amount due him. It alleges that respondent is aware of various breaches of fiduciary duty by others resulting in their obtaining from deceased and his wholly owned corporation moneys belonging to the estate. It prays for a general inquiry and for a direction that respondent pay over all of the money received by him. In respect of that phase of the discovery process which relates to receipts of respondent out of properties standing in the personal name of deceased there is no substantial controversy. In respect of that portion of the discovery order which seeks general information concerning the knowledge of respondent respecting misappropriations by others there is raised no substantial controversy. There is presented by a motion to dismiss the question whether the executor in a discovery proceeding may reach moneys misappropriated by respondent which were received by him in his character as attorney or otherwise for the corporation wholly owned by deceased (and now wholly owned by the executor) and moneys which were abstracted from the corporation by various devices. The motion presents directly the question whether an estate fiduciary owning one hundred per cent of the shares of a corporation may ignore the corporate entity and seek recovery in his name as fiduciary of moneys taken from the corporation.

It should be noted at once that respondent here is seeking only to defer the date when an accounting must be rendered by him. By challenging the jurisdiction of the present forum he is seeking to put off the day when he must state what he did in his character as attorney for deceased and the corporation owned by deceased. No one but he is seeking to raise the jurisdictional question. No one in fact can be prejudiced by the hearing in this forum. Respondent is not and cannot be injured if the courts refuse to permit this delay.

It is worthy of note that the contract here alleged is one in which deceased individually was a party. There is no reason why deceased could not act on that contract. His executor may as well. If deceased had acted on the contract in his lifetime it may be that a motion to bring in the wholly owned corporation as a party defendant could have been made by respondent here and perhaps the motion would have been granted as matter of form. Such procedure is unnecessary in this court since for purposes of estate administration the wholly owned corporation is merged into the estate

and has to be accounted for as if its assets were in form as well as in substance estate assets. Under the rules applicable to estate administrations where wholly owned corporations are involved there exists what is in effect an assignment to the executor by the corporation of all of its assets including in this instance all of its rights against respondent.

The independent entity of a one-man corporation is invariably ignored " to prevent fraud upon creditors, the evasion of an existing obligation, the circumventing of statutes, the achieving or perfecting of a monopoly, or, generally, the perpetrating of knavery or crime." (*Farmers' Loan & Trust Co.* v. *Pierson*, 130 Misc. 110, 117. See, also, article on one-man corporations, 51 Harv. Law Rev. 1373.)

In estate administrations the interposition of a wholly owned corporation having the record title to securities or realty bequeathed or devised does not defeat the gift. The court ignores the corporation, recognizes the essential fact that the subject matter of the gift is owned by the deceased and effectuates the gift by treating the corporation as a mere instrument of the deceased. (*Matter of Bush*, 124 Misc. 674, and cases there cited.) Like results are found in other situations, for instance, where a sole stockholder makes a promise to answer for the corporation's debt. In such circumstances the court may find that the promise is not within the Statute of Frauds but is an original promise. (*Mann* v. *Ewing*, 156 Misc. 216 [App. Term]; 52 A. L. R. 790; 67 id. 508.) Again where a fiduciary through his status as such gains control of a corporation of which theretofore he was only one of several stockholders he is obliged to undergo examination of his transactions within and through the corporation when application for the examination is made under section 263 of the Surrogate's Court Act which requires disclosure of fiduciary acts. (*Matter of Barrett*, 168 Misc. 937.) Again when he renders his estate accounts he must report the corporate transactions as well as the estate affairs outside the corporate structure. (*Matter of Steinberg*, 153 Misc. 339; *Matter of Witkind*, 167 id. 885.) The last cited case discusses at length the reasons for this rule.

In the present discovery proceeding corporate interests, rights and liabilities do not diverge in the slightest particular from the sole stockholder's interests, rights and liabilities. On the contrary, the interests of the sole stockholder and those of the corporation exactly coincide. No possible harm can come to any third party if the integrity of the one-man corporation be here deemed to have been dissolved. On the other hand, there are manifest advantages which arise from a finding that the court here has jurisdiction.

Such a finding enables the court with plenary jurisdiction of the affairs of a deceased person speedily and directly to dispose of important litigation in which in every practical sense of the term the estate of deceased and it only has any interest. Here as in *Matter of Raymond* v. *Davis* (248 N. Y. 67, 72), " to remit the claimant to another forum " is in effect to countenance those " advances and retreats, · * * * reconnaissances and skirmishes, [which] would be a postponement of justice equivalent to a denial."

For the reasons stated the motion of respondent in the discovery proceeding to dismiss the proceeding for want of jurisdiction arising from the circumstance that the record holder of all or some of the claims against respondent is a one-man corporation is denied and an order to that effect has been signed.