Per Curiam.

The parties here did not contemplate that the appellant should become the principal debtor primarily liable. The original debt remained and what he promised to pay was the debt of the original obligors. There is nothing in the record from which the court could determine that the appellant made himself the principal debtor primarily liable. The oral promise to pay the debt of another is unenforcible under the Statute of Frauds (Richardson Press v. Albright, 224 N. Y. 497; Watson v. Quilter, 220 App. Div. 663; Zweighaft v. Lang, 194 Misc. 370, affd. 276 App. Div. 1017).
The judgment should be modified by reversing the judgment against appellant and dismissing the second cause of action, and as modified affirmed, with $25 cost to appellant Wishnetzky.