Arnold L. Fein, J.
In this action to recover the sum of $2,300, allegedly advanced by the plaintiff at the request of defendants, plaintiff made the 12 checks in evidence payable to creditors of the corporate defendant, Coffee of Columbia, Inc. The individual defendant Candeloro defaulted in answering but no judgment was entered against him, so that as to him the trial proceeded as an inquest. Plaintiff voluntarily discontinued, with prejudice, against the defendant Coffee of Columbia, Inc., during trial, so that the trial proceeded only against the defendant Fusco.
Consistent with plaintiff’s bill of particulars, the testimony established that (1) the advances by plaintiff, by means of the *787 12 checks in evidence, were made on behalf of defendant Coffee of Columbia, Inc., to its creditors; and (2) Coffee of Columbia, Inc., remained liable to plaintiff as the original and primaryobligor.
Assuming the interest of the individual defendants in that corporation, and giving plaintiff’s testimony the benefit of every doubt, the alleged promises of said defendants to repay the plaintiff were promises “ to answer for the debt, default or miscarriage of another ”. Such a promise is required to be in writing under the Statute of Frauds. (General Obligations Law, § 5-701, subd. 2; Richardson Press v. Albright, 224 N. Y. 497; Witschard v. Brody & Sons, 257 N. Y. 97; Bulkley v. Shaw, 289 N. Y. 133). Plaintiff’s advances were made for the benefit of the corporation to meet its obligations. Accordingly, except for the advance represented by the check dated April 10, 1964 in the sum of $918, the defense of Statute of Frauds, pleaded by defendant Fusco, is sufficient as a matter of law, as to him. Defendant Fusco admitted he personally indorsed that check and also made it payable to “ Fusco’s ” in his own handwriting, adding the words “Fusco’s or” as a payee in addition to “ Phyliss Hotel Corp.”, the payee indicated by plaintiff.
Even crediting defendant Fusco’s testimony that this was done at the request of Phyliss Hotel Corp., after delivery of the check to it, this is a sufficient memorandum to take the case out of the Statute of Frauds. The indorsement on the check reads, “ % payment towards additional rental as per contract.” Phyliss Hotel Corp., the payee, was the landlord of the premises. The check was given to pay an obligation of Coffee of Columbia, Inc., to the payee. Plaintiff, maker of the check, concededly had no obligation to the payee. Whether defendant Fusco was present and participated in the request by defendant Candeloro that plaintiff make and deliver such check, as testified to by plaintiff and denied by Fusco, is immaterial. It is sufficient that the check was to pay an obligation of Coffee of Columbia, Inc., a corporation in which Fusco had an interest, and was made and delivered by plaintiff for such purpose, subject to repayment by Coffee of Columbia, Inc., or by Fusco and Candeloro. Even if Fusco’s entries on the check were made only at the request of Phyliss Hotel Corp., they constitute a clear written acknowledgment of the obligation to plaintiff.
To satisfy the statute it is not necessary that the writing be from promisor to promisee. It may be from the promisor to his own agent. (Marks v. Cowdin, 226 N. Y. 138, 145.) If need be, oral evidence is admissible to ascertain the relationship which the written words intended. (Crabtree v. Elizabeth Arden *788 Sales Corp., 305 N. Y. 48; Marks v. Cowdin, supra.) Certain it is that Fusco as payee was owed no money by plaintiff. All the evidence points the other way. At best, for Fusco, the face of the check established his obligation to plaintiff. Explanation adds nothing to his defense (Marks v. Cowdin, supra), only that it was given by plaintiff in payment of the obligation of another, the corporation in which Fusco had an interest.
The writing need only be signed by the party to be charged and amount to an acknowledgment of his obligation. (Spiegel v. Lowenstein, 162 App. Div. 443.) It need not be signed with the intention of evidencing the contract, and it is immaterial that it came into existence after the agreement was made or the obligation undertaken. (Marks v. Cowdin, supra; Spiegel v. Lowenstein, supra; Crabtree v. Elizabeth Arden Sales Corp., supra.) The face of the check imports liability of Fusco to its maker.
There being no writing signed by Fusco with respect to the other checks, the alleged conversations with Candeloro and the one alleged conversation with Fusco and Candeloro cannot bind Fusco in the face of his plea of the Statute of Frauds. The evidence is insufficient to find that the other checks, even those payable to and indorsed by Candeloro, constitute writings binding on Fusco.
After trial, judgment in favor of plaintiff against defendant Cuido Fusco, Jr., in the sum of $918 with interest from April 10, 1964, and against defendant Sylvester Y. Candeloro on default in the sum of $2,300 with interest from July 21, 1964.
Action against defendant Coffee of Columbia, Inc., discontinued, with prejudice, during trial.