JOSEPH H. DIEHL and DOROTHY DIEHL, Plaintiffs, *v.* STANLEY L. GARVIN, WILLIAM W. VICINUS, HOMER W. VICINUS and GARVIN CHEVROLET CORPORATION, Defendants.*

Supreme Court, Monroe County, November 19, 1937.

---

* See, also, *Diehl* v. *Garvin* (165 Misc. 170).

*C. Kent Williams*, for the plaintiffs.

*Harris, Beach, Folger, Bacon & Keating*, for the defendant Homer W. Vicinus.

Love, J.   The ground of the motion is that there is an existing judgment entered in the City Court of Rochester November 18, 1931, rendered on the merits in favor of the movant determining the same cause of action as is involved herein.   It is claimed that that judgment is a bar to the maintenance of the present action.

In the City Court plaintiffs sued movant only on an alleged written guaranty of payment to plaintiffs of rent under a lease between plaintiffs and the Garvin Chevrolet Corporation, covering property owned by plaintiffs and occupied by the Garvin Chevrolet Corporation, an automobile sales and service concern.

In that action the question of fact clearly submitted to the jury by the court was this: " If there was an unconditional delivery of this instrument of course, then, the plaintiffs must be successful in this action.   If there were a conditional delivery of it or if there were an unauthorized delivery of it by Garvin, then the plaintiffs cannot succeed, and that is for you to determine as a question of fact as to whether there was a conditional delivery or unauthorized delivery and you must decide both of those questions before the plaintiffs can recover at all."

It is remarkable that the jury came in for instructions and said: " We would like to know if we find for the defendant in this case whether he is liable in an action similar to this one being brought in Supreme Court, whether it relieves him in this case."

They were duly instructed to find a verdict on the law and fact as they found it in that case.   They then said: " We are prepared to hand in a verdict."   It was for no cause.

While their attitude is not governing now, it is interesting that, through some reference to a Supreme Court action, they made the inquiry.

In that action, movant's signing was admitted, and the defense was that there had never been a delivery of the contract, but that a Mr. Garvin told plaintiff Joseph H. Diehl that he had the lease in his safe, that movant told him to keep it there until he, Garvin and defendant William W. Vicinus had signed it.   Garvin subse-

quently turned the paper over to plaintiff Joseph H. Diehl without his or William W. Vicinus' names on it and told him neither would sign. The lease itself, supplanting a prior lease, was signed by plaintiffs and the Garvin Chevrolet Corporation.

The present action is brought on a claim that the movant, with Stanley L. Garvin and William W. Vicinus, jointly and severally guaranteed the punctual payment of the rent and the performance of all the covenants and agreements on the part of the corporation. It is admittedly an oral agreement that is sought to be enforced.

The question, then, on this motion, is whether action may be brought against the moving defendant on an oral agreement after action has been brought on a written one, which latter action was decided in his favor.

I am of the opinion that that may not be done. Had the present action been brought first, even though this movant had signed the agreement of guaranty, a different situation would be faced. As it is, I feel that the judgment had is conclusive as to matters actually litigated therein and as to any matters that might have been so litigated as is directly held in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304).

Motion granted.

Let an order enter accordingly.