JOSEPH H. DIEHL and DOROTHY DIEHL, Plaintiffs, *v.* STANLEY L. GARVIN, WILLIAM W. VICINUS, HOMER W. VICINUS and GARVIN CHEVROLET CORPORATION, Defendants.

Supreme Court, Monroe County, November 19, 1937.

*C. Kent Williams*, for the plaintiffs.

*Harris, Beach, Folger, Bacon & Keating*, for the defendant William W. Vicinus.

LOVE, J. The grounds are that the contract is unenforcible under the provisions of the Statute of Frauds and that there is another action pending between the same parties.

This is a companion motion to the one made by defendant Homer W. Vicinus (165 Misc. 168), on other grounds, and the same facts as to this action prevail generally. ·

The complaint demands judgment for $22,000 damages for the breach of an alleged contract of guaranty made between plaintiffs and the movant with others, whereby they guaranteed punctual payment of rent and performance of all the covenants and agreements on the part of the Garvin Chevrolet Corporation. It is an oral agreement that is claimed.

This action was commenced against this defendant on May 24, 1937. On September 15, 1931, plaintiffs commenced an action against defendant to recover damages for the acts of the said defendant arising out of the same transaction defendant claims.

The last lease, under date of February 1, 1929, supplanting a previous one, with changes as to term and rental, was accompanied by a written guaranty signed by Homer W. Vicinus only. In a City Court action against him alone a verdict of no cause of action was returned, his defense having been a conditional delivery.

The new lease is claimed to have come about because of a request by defendants for an addition to the building with an oral agree-

ment to sign a new lease and by the individual defendants to sign a written guaranty similar to the previous one.

Plaintiffs urge that the case is without the Statute of Frauds because of the fact that plaintiffs performed their agreement to enlarge the building, but immediately say that the New York decisions are usually based on an estoppel.

Many cases are cited in plaintiffs' brief which do not seem to me pertinent.

In *White* v. *Rintoul* (108 N. Y. 222, 227) Judge FINCH, after the history of the doctrine prevailing in this State which serves to distinguish between original and collateral promises in cases arising under the Statute of Frauds, says that it has ended in establishing the doctrine in the courts of this State which may be stated with approximate accuracy thus, that where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor.

Here the claim is that with a current guaranteed lease involving the same parties throughout, an agreement was made orally that enlargement of the building involved would be made, the old lease canceled, and a new lease made for a longer term and at increased rentals, and a written guaranty agreement signed by the individual defendants. It is obvious that there were advantages to both sides, that the agreement to make a new lease and to sign a guaranty agreement was made as a single agreement. There was, then, no primary debt yet created to subsist and, therefore, not antecedently contracted, and the movant did not come under an independent duty of payment irrespective of the liability of the corporation.

Judge POUND in *Richardson Press* v. *Albright* (224 N. Y. 497, 501) follows the case of *White* v. *Rintoul,* saying: " But a promise may still be collateral, even though the new consideration moves to the promisor and is beneficial to him. The elements of beneficial interest and new consideration must be present to take the case out of the statute, but the inquiry remains whether the consideration is such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor." And in the same case (at p. 502): " When the primary debt continues to exist, the promise of another to pay the debt may be original or it may not be, but it is regarded as original only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable. If we pick a few phrases from the context, we may draw the con-

clusion that defendant intended to assume such a relation to plaintiff, but on all the evidence we find but one principal primary debtor and that is Oceanic Publishing Company. The ancient purpose of the Statute of Frauds was to require satisfactory evidence of a promise to answer for the debt of another person and its efficacy should not be wasted by unsubstantial verbal distinction."

I do not believe that the allegations of this complaint charge movant with having made an original promise or a direct obligation.

Section 184 of the Restatement of the Law of Contracts is cited. Even if we assume that movant, as a stockholder in the obligor corporation, desired the arrangement for his own pecuniary or business advantage, we must note that Professor Whiteside, in his supplement, says: " It is doubtful whether this section restates the New York law."

On the second ground as well I am inclined to dismissal on the ground that the two actions are inconsistent.

Motion granted.

Let an order enter accordingly.