■ LEONARD LANG, LTD., Respondent, v BIRCH HOLDING CORP., Respondent, and BIRCH BARK REALTY CORP. et al., Appellants.—In an action to recover a real estate brokerage commission, defendants Birch Bark Realty Corp. and Lincoln Savings Bank appeal from an order of the Supreme Court, Suffolk County, dated November 16, 1978, which denied their motion for summary judgment dismissing the complaint and cross claim against them. Order affirmed, with one bill of $50 costs and disbursements payable jointly to respondents. In our view, issues of fact exist which require a trial. The Statute of Frauds has no application to the alleged oral agreement between Birch Holding Corp. and Lincoln Savings Bank because Lincoln's alleged promise to Birch Holding Corp. to assume payment of a brokerage commission due Leonard Lang, Ltd., constitutes an original or primary

obligation (see *Bulkley v Shaw,* 289 NY 133; *Richardson Press v Albright,* 224 NY 497). The record reflects that (1) the alleged promise conferred a direct and substantial benefit upon Lincoln Savings Bank in its utilization of the prospective purchaser originally procured by the realty broker, Leonard Lang, Ltd., for Birch Holding Corp.; and (2) Lincoln Savings Bank allegedly assumed an independent duty of payment of the brokerage commission due Leonard Lang, Ltd., irrespective of the liability of Birch Holding Corp. (see *Kossick v United Fruit Co.,* 166 F Supp 571, affd 275 F2d 500, revd on other grounds, 365 US 731, reh den 366 US 941; *White v Rintoul,* 108 NY 222). Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.