■ MARTIN ROOFING, INC., Respondent, v SHELDON S. GOLDSTEIN, Also Known as SHELLY GOLDSTEIN, Appellant. — In an action to recover damages based upon an oral contract, defendant appeals from a judgment of the Supreme Court, Rockland County (Skahen, J.), entered March 16, 1982, which is in favor of plaintiff in the principal sum of $11,000, upon a jury verdict. Judgment reversed, on the law, without costs or disbursements, and the complaint is dismissed. An oral promise to guarantee the debt of another is

barred by the Statute of Frauds (General Obligations Law, § 5-701). However, the oral promise may be taken out of the Statute of Frauds if two requirements are met. First, the promise must represent an independent duty of payment, irrespective of the liability of the principal debtor, and second, the promise must be based upon new consideration which moves the promisor and is beneficial to him (*Richardson Press v Albright*, 224 NY 497, 501; see *Leonard Lang, Ltd. v Birch Holding Corp.*, 72 AD2d 806). Herein, the defendant's alleged promise to pay plaintiff for its work was not an independent obligation to pay. Rather, defendant's obligation was secondary to that of the corporation of which defendant was an officer and stockholder, and for which plaintiff performed work as an independent contractor. Moreover, the original corporate debtor was not relieved of its obligation by virtue of the defendant's promise. This is evidenced by the fact that plaintiff did not look to the defendant for moneys owed until after the corporation had defaulted (see *Bulkley v Shaw*, 289 NY 133, 136). Inasmuch as the above requirements have not been met, we hold that the defendant's oral promise was to answer for the debt of another. Consequently, the promise is unenforceable and recovery is barred by the Statute of Frauds. Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.